IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMIKA CASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-265-KFP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

The Commissioner has filed an Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g). Doc. 18. Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence [or the Commissioner or ALJ] incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). The parties in this case consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 5, 6.

Upon consideration of Defendant's motion, the Court finds reversal and remand necessary. The Commissioner concedes that remand is necessary so the ALJ can obtain

supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. The hypothetical questions to the vocational expert should reflect Plaintiff's specific capacity and limitations established by the record as a whole. The ALJ should ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the vocational expert evidence, the ALJ should identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the *Dictionary of Occupational Titles* and its companion publication, the Selected *Characteristics of Occupations*. Doc. 18 at 2.

      Accordingly, it is ORDERED that the Commissioner's motion is GRANTED and that the decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g) consistent with the Commissioner's motion.

      It is further ORDERED, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), that Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).

      A separate judgment will issue.

      DONE this 24th day of February, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE